Stephen Nathdrine **CHEELY**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23167.**

United States Court of Appeals
Fifth Circuit.

Oct. 18, 1966.

Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before RIVES, BELL and THORN-BERRY, Circuit Judges.

PER CURIAM:

Appellant in this 28 U.S.C. § 2255 proceeding was convicted on a plea of guilty to second-degree murder under 18 U.S.C. § 1111 and sentenced to life imprisonment. Prior to the return of the indictment the United States Attorney, with the concurrence of appellant's counsel, filed a motion for a psychiatric examination pursuant to 18 U.S.C. § 4244 to determine appellant's competency to stand trial. The district court entered an order appointing a psychiatrist who examined appellant and filed a written opinion with the court stating that appellant was in his opinion mentally competent to understand the proceedings against him, to assist in his defense, and to stand trial. Some fifteen months subsequent to his conviction, appellant filed a motion under § 2255 to vacate his sentence, contending that (1) at the time of his arraignment and sentencing he was mentally incompetent to comprehend the nature of the charge and the consequence of his plea, and (2) it was incumbent upon the trial court to hold a pretrial hearing on the issue of competency to stand trial. After conducting an evidentiary hearing on appellant's motion the district court concluded that appellant was entitled to no relief. We agree.

The record indicates that appellant was afforded a full and extensive hearing on his § 2255 motion, at which he was present and ably represented by court-appointed counsel. In addition to the testimony of two psychiatrists and a psychologist, the district court heard the testimony of certain lay witnesses who had the opportunity of observing, associating with, and talking to appellant both prior and subsequent to his conviction. With the exception of appellant's own testimony, there is a complete lack of evidence to support his allegation of mental incompetency. Under these circumstances, we cannot view as clearly erroneous the district court's determination that appellant failed to carry the burden of establishing that he was mentally incompetent at the time of his guilty plea. Praylow v. United States, 5th Cir. 1962, 309 F.2d 750, cert. denied, 1963, 373 U.S. 927, 83 S.Ct. 1530, 10 L.Ed.2d 425; see Twining v. United States, 5th Cir. 1963, 321 F.2d 432, 435, cert. denied, 1964, 376 U.S. 965, 84 S.Ct. 1126, 11 L.Ed.2d 982.

We likewise find no merit in appellant's contention that it was incumbent upon the trial court to order a pretrial hearing on the issue of appellant's mental competence. 18 U.S.C. § 4244 does not require such hearing unless the psychiatric report indicates that the accused is incompetent to stand trial, and

absent such psychiatric finding of incompetency the granting of a pretrial hearing on that issue remains within the sound discretion of the trial court. See Floyd v. United States, 5th Cir. 1966, 365 F.2d 368; Meador v. United States, 9th Cir. 1964, 332 F.2d 935. Accordingly, the judgment of the district court is

Affirmed.