**Donnie Ray McCORMICK, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55784.**

Supreme Court of Missouri, Division No. 2.

Feb. 8, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied March 8, 1971.

Charles Clayton, St. Louis, Edward A. Glenn, Louisiana, Missouri for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Presiding Judge.

Appellant, Donnie Ray McCormick, was convicted of murder in the first degree in the Circuit Court of Ralls County, Missouri, and his conviction was affirmed on direct appeal. State v. McCormick, Mo. Sup., 426 S.W.2d 62 (1968).

On June 25, 1969, appellant filed a motion to vacate under S.Ct. Rule 27.26, V. A.M.R. Evidentiary hearings were held by the trial court, with appellant present, on February 19, 1970, and on March 9, 1970. Appellant's motion to vacate was denied and he appeals.

Appellant urges that he "has been denied a fair trial and equal protection of the law as a result of the failure of the trial court to hold a hearing under the provisions of Section 552.020 of the Revised Statutes of Missouri." He relies solely on Brizendine v. Swenson, D.C., 302 F.Supp. 1011 (1969). He cites the Brizendine case for

the proposition that, under the dictates of Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), if a Missouri trial court orders a psychiatric examination of an accused under V.A.M.S. § 552.020, a "bona fide doubt" is *thereby* "judicially established," and an evidentiary hearing on. the accused's competency to stand trial *must* follow.

We believe it would serve no useful or proper purpose for this Court to speculate or comment on the legal effect of the Brizendine opinion. V.A.M.S. § 552.020 requires only that the trial court *may* hold a hearing on the issue of competency to stand trial on its own motion, and *shall* hold a hearing when the psychiatric report is contested. In our opinion, the provisions of § 552.020 do not conflict with the prevailing federal standards.

In Green v. United States, 128 U.S.App. D.C. 408, 389 F.2d 949, 954, 955 (1967), the United States Court of Appeals for the District of Columbia Circuit said: " * * * *Pate* simply has given 'constitutional proportions' to the denial of a judicial competency hearing not only when specifically requested or when a certification of competency is challenged, but now also when the particular facts of a given case would make it an abuse of the trial judge's discretion not to hold such further investigation by the court into the accused's mental capacity, despite a prior medical certification of competency and whether that certification be conclusory or otherwise.

"[12 In recapitulation, our previous opinion in *Green* [Green v. United States, 121 U.S.App.D.C. 226, 349 F.2d 203] gave a particular application to the law of this circuit. That law, which has two aspects, may be summarized as follows: (1) There is no error in foregoing a hearing 'in the absence of objection by the defendant and of any other circumstances which render the superintendent's opinion substantially suspect.' (2) Where there are circumstances that cast substantial suspicion on the superintendent's opinion, however, the trial judge must *sua sponte* hold a hearing.

"We do not understand *Pate* to lay down any substantially different standard, though it does predicate the hearing required by this standard on constitutional rather than statutory grounds. In *Green,* therefore, this court has already ruled *en banc* that no circumstances rendering the hospital's opinion substantially suspect came to the court's attention. Since the general standard in effect in this circuit was not affected by *Pate,* we see no reason for an *en banc* reconsideration of a previous *en banc* determination that application of that standard to Green's case properly led to the conclusion that no hearing was required."

In United States v. Kaufman, 393 F.2d 172, 176 (1968), the United States Court of Appeals for the Seventh Circuit said:

"Appellant contends that the trial court erred in denying his motion for a hearing on his mental competency to stand trial. The applicable statute is 18 U.S.C.A. § 4244, which provides, in part, that upon the filing of a motion for judicial determination of the accused's competency to stand trial, 'the court shall cause accused * * * to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court * * *. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing * * *.' Pursuant to this provision, on appellant's motion, the court appointed a psychiatrist to examine him. The psychiatrist found that appellant was a sociopathic personality with paranoid state, but that this condition did not preclude his understanding the nature of the charges against him and assisting in his defense. His opinion was that appellant was competent to stand trial. On the basis of this report, the trial court was not required to hold a hearing. See, Stone v. United States, 9 Cir., 358 F.2d 503 (1966); Caster v. United States, 5 Cir., 319 F.2d 850 (1963), cert. denied, 376 U.S. 953, 84 S.Ct. 972, 11 L.Ed.2d 973 (1964)."

The trial court, after holding evidentiary hearings on appellant's 27.26 motion, entered the following order:

"By amendment to his motion, he [appellant] claims that he was denied a fair trial by the failure of the trial court to comply with Chapter 552, in that defendant was not accorded an adequate hearing and judicial determination of his competence to stand trial.

"Early in this case, and while defendant was still in the Pike County jail and on the 19th day of September, 1966, defendant's appointed attorneys filed a motion for examination of defendant as to his mental competency. That motion was sustained and defendant was sent to Fulton State Hospital October 13, 1966 for examination pursuant to the provisions of Section 552.020. Without giving all the details, suffice it to say that the report of the hospital was filed in court January 7, 1967, and found that defendant had no physical defects, was oriented for time, place and person, his memory unimpaired, he was quite alert, with an IQ of 79. He displayed no evidence of mental disease; was clear and coherent in speech; had no mental disease or defect within the meaning of Section 552.010; had the capacity to understand the proceedings against him and could assist in his own defense; that the accused did know and appreciate the nature, quality and wrongfulness of his conduct. The report concluded by recommending he be returned to the jurisdiction of the Circuit Court for final disposition of the charges against him. Prior to this report there was no suggestion that defendant had a mental disease or defect. No friend or member of his family ever made such claim. Copies of the report were furnished to the attorneys for defendant and to the Prosecuting Attorney. The defendant did not make a written request for an order granting an examination of the accused by a physician of his own choosing and at his expense. Defendant's counsel knew of no reason to contest the opinion of the Doctors of the Hospital. Therefore the trial court made a determination and finding of record on the basis of the report filed by the Hospital, as follows and as appears in the Judge's docket:

'February 27, 1967. Neither the State nor the accused nor defendant's counsel having contested the findings of the report made and filed under Section 552.-020, the Court finds, on the basis of the report, that the accused is mentally fit to proceed with the trial.'

"After an almost two months' examination the psychiatrists and psychologists at our State Hospital could find no mental disease or defect and made specific findings of defendant's capacity to understand the proceedings and of his knowledge of the nature, quality and wrongfulness of his conduct. The defendant himself and his attorneys did not seek to have further examinations, for as a matter of fact the defendant was always mentally competent—and no one ever suggested otherwise. It is obvious that this matter of mental disease and defect was an afterthought. There was a judicial determination of his competence to stand trial and in complete compliance with Section 552.020. The Court finds against Movant on his 8th ground of the motion, as amended February 25, 1970."

We have reviewed the record, and the findings and conclusions of the trial court are supported and uncontradicted. In our opinion, the trial court complied with the dictates of Pate v. Robinson, as applied to the facts of this case, and its findings and conclusions are not "clearly erroneous." Crosswhite v. State, Mo.Sup., 426 S.W.2d 67 (1968); Cf. Butler v. United States (8 Cir.), 384 F.2d 522 (1967).

The judgment is affirmed.

All of the Judges concur.