Theodore Woodrow GREGG, Petitioner,

v.

MISSOURI DEPARTMENT OF CORRECTIONS, Respondent.

Civ. A. No. 19609-3.

United States District Court,
W. D. Missouri, W. D.

Aug. 9, 1971.

Theodore Woodrow Gregg, pro se.

No appearance for respondent.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Fordland Honor Camp, Fordland, Missouri, petitions this Court for a writ of habeas corpus, claiming that this state conviction of second degree murder was secured in violation of his federal rights. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was convicted by a jury in the Circuit Court of Howell County of second degree murder; that he was sentenced on that conviction on March 11, 1965, to a term of twenty-five years' imprisonment; that he did not appeal the judgment of conviction and imposition of sentence; and that he has filed no petitions, motions or applications in the courts of Missouri with respect to this conviction and sentence.

Petitioner states the following as grounds for his contention that he is being held in custody unlawfully:

"There was [no] determination and finding on defendant's fitness to pro-

ceed entered of record nor a hearing held concerning defendant's fitness to proceed * * *. Pate v. Robinson, 383 U.S. 374 [375, 86 S.Ct. 836, 15 L. Ed.2d 815]."

Whatever the merits of this contention, however, petitioner makes no allegation that he has attempted to exhaust his currently available state remedies under Missouri Supreme Court Rule 27.26, V.A.M.R. In the absence of exceptional circumstances not stated to be present in this case, a state prisoner must exhaust his currently available state remedies before invoking federal habeas jurisdiction. Section 2254, Title 28, United States Code; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. Petitioner should therefore file a motion to vacate his state sentence under Missouri Supreme Court Rule 27.26 in the Circuit Court of Howell County setting forth therein his grounds for vacating and setting aside his conviction. Bosler v. Swenson (C.A.8) 423 F.2d 257; Baines v. Swenson (C.A.8) 384 F.2d 621; Collins v. Swenson (C.A.8) 384 F. 2d 623; White v. Swenson (W.D.Mo. en banc) 261 F.Supp. 42. From any adverse decision rendered by that Court, petitioner should appeal to the Missouri Supreme Court. In the absence of exceptional circumstances not stated to be present in this case, petitioner's state remedies can be deemed exhausted for the purposes of federal habeas jurisdiction only when the Missouri Supreme Court has ruled adversely to petitioner on the merits of his contentions. Section 2254, *supra*; Fay v. Noia, *supra*; White v. Swenson, *supra*.

Petitioner attempts to state exceptional circumstances obviating the necessity to exhaust state remedies by stating that, in State v. Brizendine, Mo., 433 S. W.2d 321, and State v. Brizendine, Mo., 445 S.W.2d 827, the Missouri Supreme Court has persistently adhered to the rule that a finding by a Missouri trial judge under § 552.020 RSMo, V.A.M.S. that a "substantial doubt" exists concerning defendant's competency, as a result of which he orders a psychiatric ex-

amination, is not the equivalent of the "bona fide doubt" on which a hearing must necessarily be conducted under Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. See McCormick v. State, Mo., 463 S.W.2d 789, 790:

> "V.A.M.S. § 552.020 requires only that the trial court *may* hold a hearing on the issue of competency to stand trial on its own motion, and *shall* hold a hearing when the psychiatric report is contested. In our opinion, the provisions of § 552.020 do not conflict with the prevailing federal standards."

This reasoning appears to be supported by a number of federal appellate court decisions, including Stone v. United States (C.A.9) 358 F.2d 503; United States v. Kaufman (C.A.7) 393 F.2d 172, 176; Whalen v. United States (C.A.D.C.) 346 F.2d 812; Arnold v. United States (C.A.10) 432 F.2d 871, and Green v. United States, 128 U.S.App.D.C. 408, 389 F.2d 949, 954, 955. In McCormick v. State, *supra*, the Missouri Supreme Court relied upon United States v. Kaufman, *supra*, and Green v. United States, *supra*, as support for the conclusion that the Missouri practice under § 552.020 RSMo, V.A.M.S. did not offend current federal standards. The United States Court of Appeals recently spoke on this issue in this circuit in United States v. Maret (C.A.8) 433 F.2d 1064, holding that when a presentence psychiatric report "does not indicate a state of present insanity or mental incompetence, the trial court is not required to take any other action prior to trial." 433 F.2d at 1067. In the case at bar, petitioner relies on a prior decision in Brizendine v. Swenson (W.D.Mo.) 302 F.Supp. 1011, which was issued prior to the decision of the Court of Appeals for this circuit in United States v. Maret, *supra*. Further, he states that the "record is silent" on the question of "[w]hether or not a Report was filed in the Court prior to petitioner's trial." Under these circumstances, when neither the facts nor the law show conclusively that the Missouri Supreme Court, bound by its past decisions, will deny petitioner his federal rights, it

cannot be concluded that such a denial is a "foregone conclusion" as petitioner suggests, citing Patton v. North Carolina (W.D.N.C.) 256 F.Supp. 225, affirmed (C.A.4) 381 F.2d 636, cert. denied 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871. The "foregone conclusion" doctrine was recently asserted in this Court in Knapp v. Missouri Department of Corrections (W.D.Mo.) Civil Action No. 19569–3, July 26, 1971, in which this Court held:

> "In the case stated and relied on by petitioner, Patton v. North Carolina (W.D.N.C.) 256 F.Supp. 225, affirmed (C.A.4) 381 F.2d 636, cert. denied, 390 U.S. 904 [905], 88 S.Ct. 817 [818], 19 L.Ed.2d 870 [871], the Supreme Court of North Carolina persisted in ruling contrary to what the federal courts deemed proper under federal standards to and through the time of the district court decision. With respect to petitioner's case, however, it cannot be presumed that the Missouri Supreme Court will follow its past decisions contrary to federal standards (if, indeed, they are contrary to federal standards) which have been meantime made clear to that Court by a proper motion to vacate and appeal from any possible denial thereof. Past decisions of the Missouri Supreme Court do not ordinarily indicate that state remedies are inadequate to protect federal rights when each case must be decided on the basis of its own facts."

The petition herein for habeas corpus should therefore be dismissed without prejudice to petitioner's state remedies under Missouri Supreme Court Rule 27.26. Petitioner may thereby obtain a hearing on his competency to stand trial.

It is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.