Clarence E. **HAYNES**, Petitioner,

v.

**UNITED STATES of America**, Respondent.

No. 72 C 378(4).

United States District Court, E. D. Missouri, E. D.

July 21, 1972.

Marvin S. Wood, Clayton, Mo., for petitioner.

Daniel Bartlett, Jr., U. S. Atty., John P. Glynn, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court on the motion of petitioner Clarence E. Haynes, pursuant to 28 United States Code § 2255, attacking his conviction and the sentence imposed upon him in Criminal Action 70 Cr 142(3).

Petitioner is presently imprisoned in the United States Penitentiary at Marion, Illinois. He was charged by indictment in 70 Cr 142(3) with bank-robbery and sentenced to fifteen years' imprisonment after a guilty plea was entered on November 17, 1970.

Petitioner's instant attack has three bases. First, he argues that he was mentally incompetent during all stages of the criminal action which is the subject of this motion. Second, petitioner claims that his guilty plea, made after withdrawing his prior plea of not guilty, was made involuntarily. Third, petitioner claims that he received inadequate and ineffective assistance of appointed counsel.

On August 12, 1970, petitioner moved that the court order an examination of his mental condition to determine his competency to stand trial. A basis for this motion was the fact that, prior to his arrest, petitioner was undergoing psychiatric treatment at Malcolm Bliss Hospital in St. Louis, Missouri. The Court granted this motion by its order of August 21, 1970.

■ Petitioner was given a psychiatric examination supervised by Dr. William E. Holt who concluded, in a letter to the Court dated September 18, 1970, that petitioner was competent to stand trial; that he was aware of the nature and significance of the charges against him, and of the consequences, if he was to be found guilty; that he was fully able to cooperate with his attorney in preparing his defense; that petitioner's claim of mental illness was feigned; and that there was no evidence of significant mental illness or impairment of cognitive faculties. After considering this report the Court did not and was not required to hold a hearing on petitioner's competency to stand trial. Arnold v. United States, 432 F.2d 871 (10th Cir. 1970); United States v. Bernstein, 417 F.2d 641 (2nd Cir. 1969); United States v. Kaufman, 393 F.2d 172 (7th Cir. 1968), cert. den. 393 U.S. 1098, 89 S.Ct. 892, 21 L.Ed.2d 789; Cheely v. United States, 367 F.2d 547 (5th Cir. 1966), cert. den. 387 U.S. 923, 87 S.Ct. 2039, 18 L.Ed.2d 978.

■ During the course of the hearing in which petitioner changed his plea, petitioner's court appointed attorney catalogued for the Court the substance of the prosecution's evidence against the petitioner and petitioner affirmed his desire to change his plea. However, under further questioning petitioner asserted that he was innocent, that he had

a stick under his coat and not a revolver as was charged and that he did not "go in there and get no money." A fifteen minute recess followed during which defendant conferred with his appointed counsel. When Court reconvened, petitioner changed his plea to one of guilty.

The Court then, contrary to petitioner's instant assertions, properly scrutinized this guilty plea as required by Rule 11, Federal Rules of Criminal Procedure. The Court advised petitioner of his right to a speedy trial by jury; that he had right to legal counsel during the trial; that he had the right to refuse to incriminate himself; and that he had the right to confront his accusers. Petitioner affirmed, under further questioning by the Court, that he understood the nature of the charge against him; that he was guilty of the elements of the crime charged; that he did in fact use a revolver and not a stick; that he had not been so intoxicated that he did not know what he was doing; and that his plea was not based upon any promises or misrepresentations by anyone, including his attorney, as to what sentence would be imposed. Petitioner further affirmed that he understood the range of penalties which the Court was authorized to impose, and that petitioner was satisfied with the services provided by his attorney. Following its inquiries of petitioner, the Court accepted his plea of guilty.

Petitioner claims that he withdrew his plea of not guilty and entered a plea of guilty because his attorney so advised him and left him with the belief that a "deal" had been made with the Government attorney whereby petitioner would receive a lenient sentence, if he pleaded guilty. Petitioner further claims that *his attorney advised him not to relate these facts to the Court when asked.* The Court concludes that these assertions of petitioner, in light of the inconsistency of his statements before and after the trial court's fifteen minute recess, are sufficient to raise issues of fact requiring a hearing. See Machiobroda v.

United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1961).

Of particular interest to the Court is the clear implication drawn from petitioner's assertions that his attorney advised him to be other than truthful when answering the questions put to him by the Court. This advice, if given, is of such a nature as to shock the conscience of this Court and could only have been designed to mock the subsequent proceedings of the trial court. Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436 (1963), cert. den. 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975.

Therefore, a hearing will be held to determine whether or not 1) petitioner was induced to plead guilty by threats or promises, and 2) petitioner received ineffective and inadequate advice of appointed counsel which induced petitioner to plead guilty. In all other respects, petitioner's motion under 28 U.S.C. § 2255 will be denied.