Dale Dewayne **ANDERSON**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

Nos. 9242 and 9286.

Missouri Court of Appeals, Springfield District.

April 4, 1973.

---

C. H. Parsons, Jr., Dexter, for movant-appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Chief Judge.

Dale Dewayne Anderson has appealed from the judgment of the Circuit Court of Stoddard County denying his Rule 27.26,

V.A.M.R., motion to vacate a sentence of seven years for stealing property of a value of at least fifty dollars. §§ 560.156, 560.161, subd. 1(2), RSMo 1969, V.A.M.S. Movant pleaded guilty to the charge on October 9, 1970, following a hearing which equaled, if not exceeded, the procedure recommended in Flood v. State, 476 S.W.2d 529, 535–537 (Mo.1972). Sentence was deferred until November 2, 1970, awaiting a report on an ordered pre-sentence investigation. Appellant was represented by appointed counsel when he pleaded guilty and by different appointed counsel at the evidentiary hearing on the motion.

■ A motion filed under Rule 27.26 is an independent civil action which is governed, insofar as applicable, by the Rules of Civil Procedure. Rule 27.26(a). "The prisoner has the burden of establishing his grounds for relief by a preponderance of the evidence" [Rule 27.26(f); State v. Davis, 438 S.W.2d 232, 234 [2] (Mo. 1969)], and, upon appellate review, we are "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j); Jones v. State, 471 S.W.2d 223, 226 [1] (Mo.1971). If they are not, the judgment must be affirmed. Cheek v. State, 490 S.W.2d 75, 76–77 (Mo.1973).

Appellant's first point relied on is that his constitutional rights and privileges were violated when the trial court accepted his plea of guilty before the written report relative to his responsibility for criminal conduct by reason of mental disease or defect was filed in the cause. This point was not raised in the motion when filed but was added ore tenus by the court's indulgence at the evidentiary hearing. Rule 27.26(h). Nevertheless, the point, as written, and the argument portion of appellant's brief neglects to inform us "why" it is alleged that such action prejudiced movant or violated any of his rights or privileges. Rule 84.04(d). The record reveals counsel for movant on the stealing charge learned by interviewing Anderson that the client had a history of receiving examinations at mental institutions in New Mexico, Arkansas, Missouri and Illinois, and having been confined in an Illinois hospital for three years. This history was associated with the then 22-year-old defendant's record of frequent and repeated encounters with the law from the time he was eight years of age. Noting at the motion hearing "the sanity thing was not [Anderson's] idea," appointed counsel filed notice of defendant's purpose to rely upon the defense of "not guilty by reason of mental disease or defect excluding responsibility" (§ 552.-030, subd. 2, RSMo 1969, V.A.M.S.) and requested that Anderson be given a psychiatric examination. § 552.020, subd. 2, RSMo 1969, V.A.M.S. The request was granted and movant was sent to State Hospital No. 1. Anderson was returned from the hospital October 2, 1970 and the written report was filed October 10, 1970. As the trial judge observed in his fact findings, the formal report, in substance, stated that Anderson had no mental defect or disease as defined in Ch. 552, RSMo 1969, V. A.M.S., that he had the capacity and ability to understand the proceedings against him and to assist in his own defense, and that he did know and appreciate the nature, quality and wrongfulness of his conduct and could conduct himself according to the requirements of the law. At the evidentiary hearing conducted on the Rule 27.26 motion, movant denied he was aware of the contents of the report when he pleaded guilty on October 9, 1970, the day before the report was formally filed. On the other hand, the attorney representing Anderson on the stealing charge testified that when he came to court on October 9, "I was not coming up on his charge . . . when I walked in . . . I was notified [Anderson] wanted to talk to me . . . and he told me that he wanted to enter a plea of guilty. . . . I didn't [urge him to plead guilty]. In fact, that specific morning the report from the hospital was not back yet, and I urged him against pleading guilty until that report came back, and he told me that he knew what the result of that report was going to

be, and he wanted to go ahead and plead guilty . . . that they did not find that he had any defect." The transcript of the proceedings conducted at the time Anderson pleaded guilty (an exhibit at the evidentiary hearing on the motion) discloses movant was specifically informed that he had "the right to wait until that report comes back and to see the contents of that report before going further with this case." Anderson acknowledged his awareness of such a right but, nonetheless, desired "to go ahead and enter [a] plea in spite of that."

■ Movant's apparent complaints regarding his first point are that he was denied the "right to a private examination" as provided in § 552.020, subd. 4, RSMo 1969, V.A.M.S.; that he was entitled to an evidentiary hearing to determine his competency, § 552.020, subd. 6, RSMo 1969, V. A.M.S.; and that the trial court erred in accepting his plea of guilty on the day before the written psychiatric report was filed. Some of the difficulty with movant's position is he did not contest the report of the psychiatric opinion nor request an order for a private examination, although he had ample opportunity to do so between the time the report was filed on October 10, 1970, and sentence was imposed on November 2, 1970. A judicial competency hearing was not required in the absence of defendant's objection to the report or other circumstances which rendered the report substantially suspect [McCormick v. State, 463 S.W.2d 789, 790 (Mo.1971)], and when the pre-sentence psychiatric report did not indicate a state of mental disease or defect sufficient to exclude responsibility, the trial court was not required sua sponte to take any further action. United States v. Maret, 433 F.2d 1064, 1067 (8th Cir. 1970), cert. denied 402 U.S. 989, 91 S.Ct. 1678, 29 L.Ed.2d 155; Gregg v. Missouri Department of Corrections, 335 F.Supp. 344, 346 (W.D.Mo.1971). Movant relies on Brizendine v. Swenson, 302 F.Supp. 1011, 1019 [5] (W.D.Mo.1969) which holds that if the trial court orders a psychiatric examination, a bona fide or substantial doubt as to defendant's competency is judicially established. But as pointed out in *Gregg*, supra, *Brizendine* was issued prior to United States v. Maret, supra, and in our belief the later case is authority for the proposition that a negative psychiatric report, sans exception thereto or circumstances rendering it suspect, will serve to vitiate any previous doubt as to a defendant's competency. In a Rule 27.26 hearing, the trial court has the right and duty to pass upon the credibility of the witnesses [State v. Shields, 441 S. W.2d 719 [2] (Mo.1969)] and it was under no obligation to accept as true movant's denial that he knew the conclusions of the psychiatric report before entering his plea. State v. Hamel, 420 S.W.2d 264, 267 (Mo. 1967). Instead, the trial court, as it specifically found, possessed the right to believe "[m]ovant had advised his attorney what the report was going to be and as a transcript of the guilty plea reveals Movant was questioned . . . about [his] desire to proceed without waiting for the formal report to be received." If, as counsel testified and the trial court found, movant was in fact aware of the results of the examination, filing of the report would be a mere technicality that would not add or detract from movant's knowledge thereof. Consequently, the guilty plea being entered under these circumstances attests that movant had effectively waived his right to contest the examining psychiatrist's finding of competency and his right to a further examination or hearing by the court. Cf. Newman v. State, 481 S.W.2d 3, 7 (Mo. 1972). The plea possible under § 552.030, subd. 2, RSMo 1969, V.A.M.S., and the rights available under § 552.020 are personal to the accused who may waive them. 22 C.J.S. Criminal Law § 448, at p. 1263. See also United States v. Scherk, 177 F. Supp. 793 (N.D.Cal.1959), aff'd, Scherck v. United States, 354 F.2d 239 (9th Cir. 1965).

■ Point II in appellant's brief states he "was denied and deprived of ef-

fective assistance of competent and able counsel" when his plea of guilty was entered, but again in violation of Rule 84.-04(d), we are not advised "why" it is contended movant was denied and deprived of such services. Points in an appellant's brief should not be relegated to the written argument and we have no duty to seine that portion of the brief or the transcript to ascertain the "why" of the claim of error. State v. Dennison, 428 S.W.2d 573, 579 [8] (Mo.1968). The Rule 27.26 motion, relative to the averred incompetency of counsel, alleged that appointed counsel had only two five-minute conversations with movant "and the only subject discussed was petitioner's plea of guilty"; it also stated that movant "was denied his right to a sanity hearing and because of his condition petitioner was entitled to effective counsel and advice for a longer period than approximately ten minutes." We have already disposed of movant's complaint on the lack of a sanity hearing and competence of counsel cannot be based solely upon the shortness of time spent in interviewing the client. State v. Young, 488 S.W.2d 221, 223 [1] (Mo.App.1972). The trial court found that movant's testimony as to the number and length of his conversations with appointed counsel "is not worthy of belief." This was a most permissible finding in view of counsel's statements. He testified his first interview with movant lasted "approximately forty-five minutes to an hour" and that he went over movant's "complete history with him." Five pages of notes taken by the lawyer at the time of the discussion (an exhibit at the evidentiary hearing) serve to prove the length and depth of the initial interview. Also, during the interview movant "brought out this possible defense about the property not belonging to the people who were named in the Information." Counsel subsequently investigated "'this possible defense'" by contacting the persons involved, was unable to discover any-thing "which indicated to [him] that the defendant was not guilty," and relayed his investigative information to his client. On the day movant pleaded guilty, according to his lawyer at that time, the attorney conferred with him "about thirty minutes," and before movant appeared for sentencing, discussions between the two were had after receipt of the written report of the examining psychiatrist and the pre-sentence investigative report.

■ Movant's third and last point is that the trial court erred by failing "to set aside or vacate the sentence" because appellant was "denied a continuance for the purpose of disqualifying the trial court judge" who conducted the evidentiary hearing on the Rule 27.26 motion. This point is so patently erroneous that it merits but scant attention[1]. Nonetheless, and assuming arguendo only that the court did err in denying the continuance for the purpose stated, the greatest relief that could be afforded movant would be a new trial on his Rule 27.26 motion before another judge; erroneous denial of the continuance would not be grounds for setting aside and vacating the judgment. Movant has not sought a new hearing on his motion—he only seeks vacation of his sentence which is impermissible under the point as presented on appeal.

The trial court in its findings of facts and conclusions of law [Rule 27.26(i)] considered every complaint and issue raised by movant, determined all issues against him, and found that "[m]ovant's plea of guilty was voluntarily made and that in connection therewith he had effective assistance of counsel who fully and completely protected his legal rights and represented him in a qualified and experienced manner." The findings, conclusions and judgment of the trial court are not clearly erroneous. Accordingly the judgment is affirmed.

1. The motion was made orally only after both sides had announced ready for trial on the day the cause was set for hearing after notice of two months.

*Addendum*

Two notices of appeal were filed in this cause; one by movant, pro se, and the other by his appointed attorney. Both were filed prematurely and, per Rule 81.05(b), were considered as filed immediately after the time the judgment became final for the purpose of appeal. This opinion and the ruling herein is, therefore, dispositive of both appeals as consolidated by prior order of this court.

STONE and HOGAN, JJ., concur.

BILLINGS, J., did not participate in the consideration or determination of this appeal.