**STATE of Missouri, Respondent,**

v.

**Richard Lee STEIN, Appellant.**

No. 57265.

Supreme Court of Missouri,
Division No. 2.

Jan. 14, 1974.

———◆———

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

John P. Haley, Jr., Kansas City, for appellant.

HOUSER, Commissioner.

On August 31, 1971 Richard Lee Stein filed a notice of appeal from the judgment and sentence entered upon a jury verdict finding him guilty of assault with intent to kill with malice aforethought and fixing his punishment at 15 years' imprisonment.

Appellant's sole point follows: "Before trial appellant made application to the Court for a continuance of the cause in order to secure an additional medical opinion relative to the appellant's mental condition and his fitness to stand trial. Considerable doubt exists as to the appellant's mental condition and the refusal on the part of the Court to grant additional time to secure other medical opinion as to this condition, prejudiced the appellant; was an abuse of the Court's discretion, and erroneous."

Appellant was arraigned in circuit court on October 21, 1970. Appellant's privately employed attorney entered his appearance on the same day. On December 2, 1970 his counsel filed and on that day the court sustained a motion requesting an examination to determine his competence to stand trial and the existence or nonexistence of mental disease or defect. Except for unsworn statements of counsel and an observation by the trial judge made during the hearing on the motion for new trial, there is nothing *of record* to show that the examination was made, or that a medical report was filed with the court, as ordered, or what the examining physicians may have found. During that hearing, however, appellant's counsel made the statement that there was a medical examination pursuant to the court order and, without producing a copy of the report, stated that from the doctor's report "obviously * * * there is considerable emotional disturbance." The assistant prosecuting attorney stated that a mental examination was performed on March 12, 1971. The court stated that "there was a previous mental examination," and that the examin-

ing doctor "found that [appellant] was competent to proceed to trial and was mentally sound under the meaning of Chapter 552 at the time of the alleged crime * * *." Appellant does not dispute the facts stated by the court.

On April 19, 1971 the case was set for trial in May and in May it was reset for trial on June 15. On the morning of June 15, before the trial commenced, appellant's counsel made an oral application for a continuance, not for any reason connected with his client's mental condition or fitness to stand trial, but on the ground of an absent witness. A hearing was held and testimony taken on the question of absent witness, but at no time prior to the commencement of the trial, or during the progress of the trial, did appellant personally or through his counsel suggest that his mental condition was such as to affect his ability to stand trial. In his motion for new trial appellant alleged that he applied for a continuance "in order to secure an additional medical opinion relative to the appellant's mental condition and his fitness to stand trial," but this allegation is not substantiated by the record of the pretrial proceedings, and the transcript does not show that evidence in support of this allegation was introduced at the hearing of the motion for new trial.

Appellant had nearly sixty days after the case was set for trial within which to obtain "an additional medical opinion" but he failed to take the necessary steps to do so. If as appellant stated an examination in fact was made pursuant to court order and if as the trial judge stated the medical report showed that appellant was competent and mentally sound, there was ample time within which appellant could have contested the report, or requested a hearing on the issue, or sought and obtained an order under § 552.020, 4, granting appellant an examination by a physician of his own choosing. If no such examination in fact was made appellant could have sought to compel compliance with the court order

 

and could have requested a hearing under § 552.020. *None of these steps was taken by appellant.* On June 15 appellant went to trial without raising the question of mental capacity and without requesting a continuance to gain time to secure an additional medical opinion. Unlike the situations in Brizendine v. Swenson, 302 F. Supp. 1011 (W.D.Mo.1969), and Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L. Ed.2d 815 (1966), appellant's counsel was not continually insisting that his client was mentally incompetent to understand the proceedings or cooperate in his own defense. On the contrary counsel was silent on the subject. Not only did he fail to take any further steps under Chapter 552; he defended the case on the ground of self-defense; did not interpose the defense of insanity; did not cross-examine with reference to his client's mental condition at the time of the alleged assault; did not introduce any evidence touching the question, and did not suggest to the court that his client was suffering from a mental condition. Counsel's first and last allusion to the subject was contained in the motion filed December 2, 1970. There are no circumstances casting suspicion on the validity of the conclusions stated in the medical report; nothing following the receipt of the "all clear" medical report to raise a bona fide doubt in the mind of the circuit judge as to appellant's competency to stand trial. Under these circumstances there was no duty on the trial court to order a hearing *sua sponte,* Maggard v. State, 471 S.W.2d 161, 165 (Mo.1971); McCormick v. State, 463 S.W.2d 789, 790 (Mo.1971); Newman v. State, 481 S.W.2d 3 (Mo. 1972); Collins v. State, 479 S.W.2d 470 (Mo.1972); Jones v. State, 471 S.W.2d 223 (Mo.1971); United States v. Maret, 433 F.2d 1064 (8th Cir. 1970), cert. den. 402 U.S. 989, 91 S.Ct. 1678, 29 L.Ed.2d 155; Jones v. Swenson, 339 F.Supp. 789, 791 (E.D.Mo.1972), aff. 469 F.2d 535 (8 Cir. 1972); Gregg v. Missouri Dept. of Corrections, 335 F.Supp. 344 (W.D.Mo. 1971), and no duty to grant a continuance on the court's own motion to give appellant a further opportunity to secure other medical opinion as to appellant's mental condition.

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.