**UNITED STATES of America,
Appellee,**

v.

**Ernest Henry MATOUSEK, Appellant.**

**No. 73-1099.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1973. .

Decided July 24, 1973.

Reed K. Mackenzie, Minneapolis, Minn., for appellant.

John K. Lee, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON, LAY and ROSS, Circuit Judges.

PER CURIAM.

The defendant Ernest Henry Matousek was indicted and convicted in a jury trial in the District of Minnesota[1] for the theft of an automobile moving in interstate shipment in violation of 18 U.S.C. § 659 and for the possession and sale of the same automobile in violation of 18 U.S.C. §§ 659 and 2313. He was sentenced to three years imprisonment on each count, the sentences to run concurrently. On appeal defendant claims trial irregularities in admission of evidence, in the Government's closing argument, and in the instructions. Finding no error, we affirm.

1. The Honorable C. Niles Tavares, Senior District Judge, District of Hawaii, sitting by designation in the District of Minnesota, presided at the trial. The Honorable Earl R. Larson, District of Minnesota, sentenced the defendant.

On January 24, 1972, House Chevrolet Company (House), an automobile dealership in Stewartville, Minnesota, ordered delivery of a 1972 Chevrolet Nova from General Motors Corporation. On February 21, 1972, General Motors notified House that a 1972 Nova Coupe was being delivered to it via rail car from Ypsilanti, Michigan. The 1972 Nova was delivered to Clark Transport, Inc. (Clark) on February 23, 1972, in Minneapolis, Minnesota, in route to House, its final destination before sale. The automobile was parked in Clark's lot and taken sometime on February 23 or February 24, 1972. House never received the 1972 Nova.

On February 28, 1972, Lance Vogel, driving the 1972 Nova described above and bearing 1971 Minnesota license plates assigned to a 1967 Chevrolet Corvette owned by the defendant, was involved in an accident. The 1972 Nova was towed to a lot and searched by police pursuant to a valid warrant. A fingerprint, identified as the defendant's left thumb print, was lifted from the front vent window of the 1972 Nova.

Vogel told the police and testified that he had traded a motorcycle to the defendant for the 1972 Nova on February 27, 1972, that he was temporarily using the defendant's license plates from the 1967 Corvette that the defendant had given him. He also testified that he knew the car had been stolen. FBI agents arrested the defendant on March 3, 1972, and pursuant to a proper search found that the license plates were missing from the defendant's 1967 Chevrolet Corvette parked in his garage. The defendant denied any knowledge to law enforcement officials of the missing license plates, the 1972 Nova, and the trade described by Vogel.

 On appeal, the defendant first contends that the District Court improperly allowed FBI Agent Newell to testify concerning denials made by the defendant to Newell relating to knowledge of the automobile theft. He argues that such out-of-court statements were inadmissible hearsay. This contention merits only brief comment, since it is well established that "the fact that a defendant has made false statements in explanation of the conduct which is the subject of a criminal charge against him is admissible as tending to indicate his guilt." Rizzo v. United States, 304 F.2d 810, 830 (8th Cir.) (citations omitted), cert. denied sub nom. Nafie v. United States, 371 U.S. 890, 83 S.Ct. 188, 9 L. Ed.2d 123 (1962); Wilson v. United States, 162 U.S. 613, 620–621, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); 29 Am.Jur. 2d § 611 (1967). Thus, the "consciousness of guilt" instruction given by the court was in order.

 Second, the defendant argues that the district attorney prejudicially commented during closing argument that the defendant had "changed his testimony." The defendant claims that this comment referred to the alleged fact that he was varying "his story in an effort to cover up the commission of a crime." The defendant futher argues that a change in his testimony would have been impossible since he did not take the stand. In effect the defendant is contending that the prosecutor's comments were outside the record and prejudicial.

The Government argues that the comments referring to a change in testimony related to differing statements made by a defense witness Robert Val Koehnen, who first told FBI agents that he had no knowledge of the 1972 Nova and later testified that he, the defendant, and Vogel rode in the 1972 Nova to a liquor store on February 26, 1972.

The Government's interpretation of the prosecutor's closing comments is correct. On appeal, the defendant incorrectly states that the district attorney said that the defendant had "changed *his* testimony," whereas the district attorney on several occasions in discussing Robert Val Koehnen's statements actually said, "there is a change in *the* testimony." Although the Government cites no authority for its contention that the

comments were non-prejudicial, a legion of cases discusses various closing arguments. Chief Judge Matthes of this Court in a well-considered opinion, Isaacs v. United States, 301 F.2d 706, 736 (8th Cir. 1962), said that "[t]he dominating question, always, is whether the argument complained of was so offensive as to deprive the defendant of a fair trial." The district attorney's arguments here involved were not all offensive, but rather were proper comments on the vacillating statements of Robert Val Koehnen, which gave rise to a proper and legitimate argument that the defense was not presenting a true picture of the facts involved. The closing statements were not "improper methods calculated to produce a wrongful conviction. . . ." Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). Further, the contested utterances, by their very nature, could not have influenced the jury so as to bring about an unjust conviction. Isaacs v. United States, *supra*, at 737.

 Third, the defendant argues that the District Court erred in giving an aiding and abetting instruction, since there was no evidence to support such an instruction. The Government counters by saying that Vogel testified that a man named "Scott" and the defendant drove two cars, the 1972 Nova and a 1972 Buick Riviera, to Vogel's home to discuss a trade. There was no conclusive testimony on who drove which car to Vogel's; thus leaving open the question of whether Scott or the defendant acted as a principal or an aider and abettor in the sale of the stolen car. In the light of the foregoing circumstances, the defendant could have been aiding and abetting Scott. If a defendant is indicted as a principal, the indictment need not specifically charge that the defendant aided and abetted the commission of a crime. United States v. Lester, 363 F.2d 68, 72 (6th Cir. 1966), cert. denied, 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967); Mays v. United States, 261 F.2d 662, 664 (8th Cir. 1958). Also there was sufficient evidence in this case for the District Court to give an aiding and abetting instruction. United States v. Megna, 450 F.2d 511, 512 (5th Cir. 1971); United States v. May, 419 F.2d 553, 555 (8th Cir. 1969).

Judgment of conviction affirmed.