**UNITED STATES of America,**
**Appellee,**
v.
**Ronald PHILLIPS, Appellant.**
**No. 73–1180.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1973.

Decided July 31, 1973.

Rehearing and Rehearing En Banc
Denied Aug 20, 1973.

Charles A. Weiss, St. Louis, Mo., for appellant.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT and MATTHES, Senior Circuit Judges, and ROSS, Circuit Judge.

MATTHES, Senior Circuit Judge.

Ronald Phillips appeals from the judgment of conviction entered on a jury verdict finding him guilty of robbing a federally insured bank by use of a revolver in violation of 18 U.S.C. § 2113(a) and (d).

Court-appointed counsel presents three contentions of error, the first two of which merit discussion. First, appellant argues that the trial court erred in denying appellant a severance from his codefendants, and in failing to reduce appellant's bond, both of which, he alleges, culminated in the denial of a speedy trial. Secondly, appellant contends that he was denied a fair trial because of an improper statement made by the Assistant United States Attorney in his closing argument to the jury. We find no prejudicial error and affirm.

A chronological summary of the proceedings is essential to a proper understanding of the first claim of error.

The drive-in facility of the St. Louis County National Bank was robbed at gunpoint on June 27, 1972, of approximately $9,542.

On September 7, an indictment was returned and filed, charging that Henry Lee Johnson, Jr., Sharon Money and Ronald Phillips had jointly committed the offense. Attorneys were appointed for all three defendants, and appearance bonds were fixed at $50,000. Appellant pleaded not guilty at his arraignment on September 15, and orally moved for the reduction of his bond. The motion was denied, and the cause set for trial on October 16. On October 5, the court held a hearing to consider various motions filed by all defendants. Appellant's motion for severance was denied.

On October 12, defendant Money filed a motion for determination of her mental competency. The motion was granted the following day, and a psychiatrist appointed for that purpose.

On October 16, the date originally set for trial, the trial court refused to accept Johnson's guilty plea on the ground that Johnson "would like to bear the entire guilt and get [his co-defendants] off the hook. . . ." The date for trial was extended to October 24.

On October 24, the psychiatrist filed a report of his examination of defendant Money. The district court found the report inconclusive and ordered another study to be made.

In the interim, on October 20, defendant Johnson again offered to plead guilty, this time implicating his codefendants, and his plea was accepted.

Appellant Phillips, on November 27, filed a motion for a speedy trial. The motion was submitted to Judge Meredith on December 4, and on December 7, appellant's case was set for trial on February 12, 1973. When February 12 arrived, however, appellant was reported ill and confined in a hospital. Therefore, Judge Meredith further advanced appellant's trial date to March 5. Meanwhile, defendant Money had been re-examined at St. Elizabeth's Hospital, and on February 12 the Superintendent of that institution had filed a report showing that she was competent to stand trial. Accordingly, Judge Meredith ordered that Money be tried with appellant on March 5.

The joint trial of both defendants took place on March 5 and 6. During the presentation of appellant's defense, Money was granted a mistrial because of the failure of the Assistant United States Attorney to provide her counsel with a copy of a written statement previously given by Money to an F.B.I. agent and used by the prosecution in

cross-examining her. Appellant, advised that he would be granted the same relief, nevertheless declined to request a mistrial, specifically stating that he desired to continue the trial. Appellant was found guilty as charged, and sentenced to fifteen years imprisonment.

Before consideration of appellant's submission of errors, a review of the evidence in the light most favorable to the government is appropriate.

Johnson, who pleaded guilty, testified for the government and directly implicated appellant and Money. According to his testimony, Johnson, appellant and Money planned the bank robbery at Johnson's apartment on the evening of June 26. The next morning they met again at Johnson's apartment, and Johnson, in an attempt to conceal his identity, donned an orange dress, a pair of white boots, stockings, and an Afro wig, all supplied by Money. Thus disguised, Johnson and appellant proceeded in a stolen automobile driven by appellant to the bank where Johnson singly held up one of the tellers at gunpoint, using a note prepared by Money. Johnson and appellant returned to the apartment and divided the money with Money, appellant receiving approximately $2,000, Money, $700, and Johnson retaining the balance.

Later that same day, appellant purchased an automobile from a used car dealer for $1,350 in currency. Unknown to appellant, a portion of the money used to purchase the auto was "bait" money, traceable to the bank from whence it came.

Early the next morning, appellant was stopped by St. Louis police for driving the newly-purchased automobile without license plates. When he failed to produce a driver's license, he was arrested. An investigation ensued which led to the recovery of the marked money paid to the auto dealer.

At trial, appellant admitted being present with Johnson and Money at Johnson's apartment on the morning of June 27, but contended that he took no part in the planning or perpetration of the robbery. Instead appellant asserted that one Clifford Crawley had assisted Johnson in the robbery. The money used by appellant to purchase the automobile, according to appellant, was won from Johnson in a dice game. This brings us to the contentions of appellant.

## I. Appearance Bond, Severance and Speedy Trial

Appellant contends that the combined effect of failing to reduce appellant's bond to a more reasonable amount and of failing to grant him a separate trial, under the circumstances, deprived him of his right to a speedy trial.

The judge fixed appellant's appearance bond at $50,000, which appellant was unable to furnish. We find no abuse of discretion in the court's action. Although appellant was only twenty-six years old, he had already been convicted of at least two felonies. The instant charge was a serious one carrying with it a heavy penalty. Eventually appellant was sentenced to fifteen years in prison. Thus the court was fully justified in concluding that appellant was a bad bail risk.

As to the failure of the court to grant a severance, it is a cardinal principle of federal law, established by numerous decisions, that the granting of separate trials for codefendants is a matter within the discretion of the trial judge. *See, e. g.,* United States v. Sanders, 463 F.2d 1086 (8th Cir. 1972); United States v. Schroeder, 433 F.2d 846 (8th Cir. 1970), cert. denied, 401 U.S. 943, 91 S.Ct. 951, 28 L.Ed.2d 224 (1971); Williams v. United States, 416 F.2d 1064 (8th Cir. 1969); Miller v. United States, 410 F.2d 1290 (8th Cir.), cert. denied, 396 U.S. 830, 90 S.Ct. 81, 24 L.Ed.2d 80 (1969). And it necessarily follows that error results only when there has been a clear abuse of discretion. We find no basis for faulting the judge's failure to sever. The indictment charged, and it stands admitted, that there was only one offense committed. The evidence of the government demon-

strated that the three participants were Johnson, Money[1] and appellant. The defendants, having participated in the same act constituting the offense, were properly joined in the indictment and trial. *See* Kane v. United States, 431 F.2d 172 (8th Cir. 1970); Rule 8(b), Fed.R.Crim. P.

■ Nor is this a case in which severance would be necessary to protect the right to a speedy trial of one of the defendants joined for trial. We concur with the view that a defendant's right to a speedy trial may be impaired, under certain circumstances, by the fact that his codefendant has requested or consented to a continuance or series of continuances. *See* ABA Standards Relating to Joinder and Severance § 2.3(b)(i) (App.Draft 1968).

■ However, a defendant's constitutional right to a speedy trial cannot be established by any inflexible rule but can be determined only by a balancing test in which the conduct of the prosecution and that of the defendant are weighed. Ordinarily, the factors to be considered are: (1) Length of the delay; (2) reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. Barker v. .Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See* United States v. Weber, 479 F.2d 331 (8th Cir. 1973).

■■ We hold that the delay in this case, slightly less than six months from the date of the filing of the indictment to date of trial, was not a denial of a speedy trial. To be sure, district courts must be especially sensitive to the right of a defendant, particularly one who is incarcerated, to a speedy trial. But that policy has consistently been adhered to in the Eastern District of Missouri. Proof of this statement is found in the reports of the Administrative Office of the United States Courts. Indeed, in this case, Judge Meredith acted expeditiously by entering an order on September 15, 1972, nine days after the indictment had been filed, setting the case for trial on October 16. So far as this record reveals, the case would have been tried as scheduled but for the questioned mental competence of codefendant Money to stand trial. When the report of the first mental examination proved inconclusive, the judge, out of an abundance of caution, ordered another examination. Mindful as we are that the record shows that appellant and his attorney were present in court on October 16 and again on October 24, we fail to find any record of an objection by appellant or his attorney to passing the case on both occasions. A formal motion for a speedy trial was not filed by appellant until November 27, 1972, and submitted to Judge Meredith on December 4. Judge Meredith promptly set the case for trial on February 12, 1973. Only because of appellant's illness on February 12 was the date of trial further advanced to March 5. Thus the prosecutor was in no respect responsible for the delay now under attack. Furthermore, in the context of the trial, the delay not only did not prejudice appellant, it was probably to his advantage. Defendant Money, in her testimony, sought to exonerate appellant from any connection with the offense. Although admitting that she, appellant and Johnson were together on the dates in question, she denied any knowledge of the holdup and she corroborated portions of appellant's version of events. We are thus inclined to believe that if appellant had been separately tried during the period of time that Money was unavailable because of her mental examinations, that appellant would now be complaining of the deprivation of the testimony of a material witness.

In summary, we are not persuaded that this case meets any of the guide-

---

1. Money was retired on April 26, 1973, before the court, a jury having been waived. She was found guilty and apparently has not appealed.

lines enunciated in Barker v. Wingo, *supra*.[2]

## II. Improper Argument

Appellant's second claim of error is that he was denied a fair trial "because of improper statements and comment by the prosecutor in his closing argument."

The defense had taken the position that Clifford Crawley had assisted Johnson in robbing the bank, and not appellant. The Assistant United States Attorney, in closing argument, attempted to dilute the effectiveness of this claim by stating in effect that if Crawley was a guilty person that the government would be the first one to have tried to indict and to convict him.

Appellant's counsel moved for a mistrial on the basis of this statement of the prosecutor, but failed to request the court to admonish the jury to disregard the statement or take any other corrective action. The trial court denied the motion, and told the jury, "[W]e are not concerned with Mr. Crawley; we are concerned with Phillips. You can forget Crawley."

Later the trial judge instructed the jury in pertinent part:

"Opening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but they are not evidence.

\*    \*    \*    \*    \*    \*

[T]he fact that an indictment has been returned is not to be considered as any evidence of the guilt of the defendant."

Several appellate courts have found prosecutorial statements to the effect that the government prosecutes only the guilty prejudicially erroneous. *See* United States v. Lamerson, 457 F.2d 371 (5th Cir. 1972); Hall v. United States, 419 F.2d 582 (5th Cir. 1969).

■ We are of the view, however, that in this area, as in numerous others,

the effect of the error must be gauged in the context of the entire trial. and not in isolation.

■ The statement under attack should not have been made. The Assistant United States Attorney with candor concedes as much. But, as a reviewing court, our function is to resolve whether there were errors of such magnitude in the trial as to effect substantial rights of appellant. This concept was enunciated by this court in Homan v. United States, 279 F.2d 767, 775 (8th Cir.), cert. denied, 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960), where Judge Johnsen, for himself, Judge (now Justice) Blackmun and Judge Van Oosterhout, in response to a claim of error resembling the instant one, had the following to say:

"Accusations or remarks of this nature should not enter into jury arguments. But there is no way to prevent them from at times occurring in natural human reaction. And when they do happen, this reality must be allowed for, and examination engaged in of them in their setting, and appraisal made of their capacity in the circumstances to prejudice the result. American forensic tradition, while never licensing such lacks of restraint, has always judged them unartificially, in a fair-play spirit, on the basis of a jury having common intelligence and understanding, and with a consideration of how they may have been prompted. Cf. Mellor v. United States, 8 Cir., 160 F.2d 757, 765. While Government counsel may not subject a defendant to an unfair trial, he cannot, like the court, be expected to cease entirely being an advocate. See Henderson v. United States, 6 Cir., 218 F.2d 14, 19–20, 50 A.L.R.2d 754."

279 F.2d at 775.

Weighty consideration impels ·us to conclude that the improper argument by the prosecutor does not rise to the level

2. The most recent pronouncement of the Supreme Court on the right to a speedy trial, Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56, 1973, dealt only with the propriety of the remedy fashioned by the appellate court and not with the determination that petitioner had been denied a speedy trial.

of prejudicial error. *Cf.* Miller v. United States, 410 F.2d 1290 (8th Cir.), cert. denied, 396 U.S. 830, 90 S.Ct. 81, 24 L. Ed.2d 80 (1969). The trial court later carefully instructed the jury that an indictment is not considered evidence of guilt. And, contrary to the assertion of appellant's counsel, the evidence of appellant's guilt was strong. All three participants admitted congregating before and after the robbery. Johnson unequivocally implicated appellant. And appellant purchased an automobile the afternoon of the day of the robbery with marked money traceable to the holdup. The issue of appellant's guilt or innocence turned in part, of course, on the source of the marked money. His claim of having won the money in a dice game went unsubstantiated throughout the trial, although numerous persons were alleged to have participated in the game. In short, we have no difficulty in understanding why the jury chose not to credit appellant's testimony.

■ Neither do we find any prejudicial error in the court's comment to the jury that "we are not concerned with Mr. Crawley; we are concerned with Phillips. You can forget Crawley." The comment was appropriate insofar as it indicated that the guilt or innocence of Crawley was not in issue. Subsequent instructions by the court made it clear that if appellant had not, in fact, assisted Johnson in planning and perpetrating the robbery, and someone else had, appellant must be found not guilty.

Appellant also asserts that the trial court erred in failing to give appellant's proffered instruction concerning the testimony of an accomplice. The court's charge correctly cautioned the jury in regard to Johnson's testimony and was in all other respects a correct declaration of the law.

Finally, we note that, in addition to the issues raised by appointed counsel on this appeal, appellant has filed a pro se brief attacking the constitutionality of § 2113. Suffice it to say that the validity

of the statute has been established beyond question in this court and others.

Finding no prejudicial error, we affirm.