Theodore Woodrow GREGG,
Petitioner,

v.

Donald W. WYRICK, Warden,[1] Missouri
State Penitentiary, Jefferson City,
Missouri, Respondent.

Civ. A. No. 73CV432–W–3–R.

United States District Court,
W. D. Missouri, W. D.

Oct. 25, 1974.

---

1. Because of judicially noticeable succession in office, Donald W. Wyrick, present Warden of the Missouri State Penitentiary at Jefferson City, Missouri, is substituted as the respondent in this action in his official capacity. *See* Caffey v. Wyrick, 377 F. Supp. 160 (W.D.Mo.1974); Russell v. Wyrick, Civil Action No. 73CV401–W–3–R (W. D.Mo. July 20, 1974); Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo.1974).

Jerome F. Waterman, Kansas City, Mo., for petitioner.

Karen I. Harper, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## FINAL JUDGMENT DISMISSING WITHOUT PREJUDICE GROUNDS B AND C, AND DENYING THE REMAINDER OF THE PETITION FOR A WRIT OF HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

This is a petition for a writ of federal habeas corpus by a state prisoner in custody at the Missouri State Penitentiary (Church Farm) at Jefferson City, Missouri. Petitioner seeks an adjudication that his conviction and sentence were secured and imposed upon him illegally in violation of his federal constitutional rights. Petitioner does not herein proceed in *forma pauperis*.

Petitioner states that he was convicted by a jury in the Circuit Court of Howell County, Missouri, of murder in the second degree; that he was sentenced on that conviction on April 19, 1965, to a term of twenty-five years imprisonment; that he appealed the judgment of conviction to the Missouri Supreme Court, which affirmed the conviction on February 14, 1966, in Missouri v. Gregg, 399 S.W.2d 7 (Mo.Sup.1966); that he filed a motion under Missouri Criminal Rule 27.26, V.A.M.R., in the Circuit Court of Howell County, Missouri, which was denied on June 24, 1968; that he appealed the denial of his 27.26 motion to the Missouri Supreme Court, which affirmed the denial of the Circuit Court of Howell County on November 10, 1969, in Gregg v. Missouri, 446 S.W.2d 630 (Mo.Sup.1969); that he also filed a petition for a writ of federal habeas corpus in the United States District Court for the Western District of Missouri, which was dismissed without prejudice for failure to exhaust state remedies on March 8, 1967; and that he was represented by counsel at all stages of the proceedings against him, on his appeal of his conviction, in the preparation and filing of his postconviction motion and petition for habeas corpus and on the appeals from the denials thereof.

Petitioner states the following grounds on which he bases his contention that he is being held in custody unlawfully:

"(a) Admission of statements at the trial of movant. Said statements made at or about the time of movant's arrest without movant's knowledge of his constitutional right to remain silent, and to have the advice and assistance of counsel.

"(b) Failure of the trial court to instruct the jury with respect to the voluntariness of statements made by movant which were introduced into evidence at the time of the trial.

"(c) Failure of the trial court to instruct the jury on the meaning of 'reasonable doubt'.

"(d) The comment of the prosecutor in the closing argument that the defendant did not deny the admissions introduced into evidence, thereby commenting on movant's failure to testify, in violation of Amendment V, United States Constitution."

Petitioner states the following as facts in support of his contention that he is being held in custody unlawfully:

"(a) After the alleged shooting, movant was questioned by a deputy sheriff with respect to the alleged shooting and was not warned by the said deputy sheriff of his right to remain silent and thereby movant admitted that he had committed a shooting.

"(b) The trial Court failed to give any instruction with respect to the statements made by movant which were admitted against movant, said statements being involuntary and made by movant while in a state of intoxication.

"(c) The trial Court failed to define the meaning of 'reasonable doubt' in its instructions to the jury.

"(d) The prosecuting attorney in his closing argument stated that the defendant (movant)· did not deny or controvert certain statements, introduced into evidence, made by movant. Movant did not testify on his own behalf."

In further support of the above contentions, counsel for petitioner in the case at bar has filed herein "Suggestions in Support of Petition for Writ of Habeas Corpus" and a transcript of both the trial proceeding and the hearing on petitioner's 27.26 motion. In his suggestions in support of the petition herein, counsel for petitioner expands upon the grounds set forth in the petition and, although acknowledging that grounds B and C have not been exhausted, contends that the presentation of those grounds to the Missouri state courts would be an exercise in futility.

On November 8, 1973, an order was entered directing the respondent to show cause why the petition herein for a writ of habeas corpus should not be granted.

Thereafter, on November 28, 1973, counsel for respondent filed herein a response to the show cause order therein contending that petitioner had not exhausted his adequate and available state court remedies with respect to grounds B and C. As part of the response, counsel for respondent attached and submitted photocopies of the following documents: (1) petitioner's brief filed in the Missouri Supreme Court in connection with his direct appeal of his conviction; (2) respondent's brief filed in the Missouri Supreme Court with respect to petitioner's direct appeal of his convictions; (3) the opinion of the Missouri Supreme Court affirming petitioner's conviction in Missouri v. Gregg, 399 S.W.2d 7 (Mo.Sup.1966); (4) petitioner's brief filed in the Missouri Supreme Court in respect to the appeal from the denial of his 27.26 motion; (5) respondent's brief filed in the Missouri Supreme Court in respect to petitioner's appeal from the denial of his 27.26 motion; and (6) the opinion of the Missouri Supreme Court affirming the denial of petitioner's 27.26 motion in Gregg v. Missouri, 446 S.W.2d 630 (Mo. Sup.1969).

On December 3, 1973, counsel for the petitioner filed herein his suggestions in opposition to the respondent's response to the order to show cause.

■ Under the provisions of Section 2254, Title 28, United States Code, a state prisoner, in the absence of exceptional circumstances not shown to be present in the case at bar, must fully exhaust his currently available and adequate state court remedies before invoking federal habeas corpus jurisdiction. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1970); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963). Under subsection (c) of Section 2254, Title 28, United States Code, a state prisoner's state court remedies are ordinarily not considered exhausted so long as he may present his contentions to the state courts by "any available procedure."

■ A careful review of the record presented to this Court discloses that grounds B and C have never been presented, considered and determined on the merits by any Missouri state court.

Counsel for petitioner acknowledges that these two grounds have not been exhausted. However, counsel contends that the presentation of grounds B and C to the Missouri state courts would be futile.

Petitioner's reliance on past decisions of the Missouri Supreme Court in support of his allegation of futility is without merit. 'Past decisions of the Missouri Supreme Court do not ordinarily indicate that state remedies are inadequate to protect federal rights when each case must be decided on the basis of its own facts.' Gregg v. Missouri Department of Corrections, 335 F.Supp. 344, 346 (W.D.Mo.1971). Under the present circumstances, when neither the facts presented nor applicable law show conclusively that the Missouri Supreme Court, bound by its past decisions, will deny petitioner his federal rights, it cannot be concluded that such a denial is a "foregone conclusion." Gregg v. Missouri Department of Corrections, supra. While petitioner's allegations of futility might be construed as indicating the Missouri Supreme Court's propensity to deny petitioner relief, it is concluded that, in the absence of exceptional circumstances not shown to be present in the case at bar, the Missouri state courts ". . . should have the opportunity to determine the merits of the petitioner's allegations." Reynolds v. Lockhart, 497 F.2d 314, 317 (8th Cir. 1974).

Under the circumstances presented in the case at bar, petitioner has a currently available and adequate state court remedy within the meaning of Section 2254, by means of a motion to vacate his sentence under Missouri Criminal Rule 27.26 in the Circuit Court of Howell County, Missouri. Bosler v. Swenson, 423 F.2d 257 (8th Cir. 1970); Baines v. Swenson, 384 F.2d 621 (8th Cir. 1967); Collins v. Swenson, 384 F.2d 623 (8th Cir. 1967); Hooper v. Nash, 323 F.2d 995 (8th Cir. 1963), cert. denied, 376 U. S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768 (1964); Gregg v. Missouri Department of Corrections, supra; White v. Swenson, 261 F.Supp. 42 (W.D.Mo.1966).

Petitioner should therefore file a motion to vacate his sentence under Missouri Criminal Rule 27.26 in the Circuit Court of Howell County, Missouri, raising grounds B and C and all evidentiary contentions in respect thereto, and all other grounds known to him for invalidating his state sentence. Dixon v. Missouri, 295 F.Supp. 170 (W.D.Mo.1969); Richardson v. Swenson, 293 F.Supp. 275 (W.D.Mo.1968); Gregg v. Missouri Department of Corrections, supra; Cobb v. Wyrick, 379 F.Supp. 1287 (W.D.Mo. 1974). From any adverse decision of the state trial court on that motion, petitioner should also appeal to the Missouri Supreme Court. In the absence of exceptional circumstances, not shown to be present in the case at bar, only when the Missouri Supreme Court, applying current federal standards and having before it an adequate evidentiary record, has ruled adversely to petitioner on the merits of those contentions can his state remedies be deemed exhausted for purpose of federal habeas corpus jurisdiction, 28 U.S.C. § 2254; Picard v. Connor, supra; Fay v. Noia, supra; Bosler v. Swenson, supra; Cobb v. Wyrick, supra; White v. Swenson, supra; Gregg v. Missouri Department of Corrections, supra.

Therefore, the petition herein for a writ of habeas corpus should be dismissed without prejudice with respect to petitioner's unexhausted contentions.

A review of the record reveals that petitioner's remaining contentions have been adequately presented and exhausted in the Missouri state courts. To save time and unproductive effort and in the discretion of this Court, petitioner's remaining unrelated and related exhausted claims will be reviewed and considered on the merits. Cobb v. Wyrick, supra; Russell v. Wyrick, Civil Action No 73CV401–W–3–R (W.D.Mo. July 20, 1974); see also, Tyler v. Swenson, 483 F.2d 611, 614 (8th Cir. 1973); Irby v.

Missouri, 502 F.2d 1096 (8th Cir. 1974); Blunt y. Wolff, 501 F.2d 1138 (8th Cir. 1974).

■ From a review of the files and records in the case at bar, including the transcript and record on appeal to the Missouri Supreme Court, it is concluded that the petitioner was afforded a full and fair evidentiary hearing resulting in reliable findings of fact under applicable federal procedural and substantive standards. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Brodkowicz v. Swenson, 357 F.Supp. 178, 185 (W.D.Mo.1973); Noble v. Swenson, 285 F.Supp. 385 (W.D.Mo. 1968); Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo.1974). Under these circumstances, this Court may rely on the state records, or in the alternative, independently find the facts from all the evidence in the habeas corpus record if the record is adequate for this purpose, without holding an evidentiary hearing. Townsend v. Sain, *supra*; Brown v. Swenson, 487 F.2d 1236, 1240 (8th Cir. 1973); In re Parker, 423 F.2d 1021 (8th Cir. 1970); Meller v. Swenson, 309 F. Supp. 519 (W.D.Mo.1969), affirmed, 431 F.2d 120 (8th Cir. 1970), cert. denied, 400 U.S. 996, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971); Redus v. Swenson, 468 F.2d 606 (8th Cir. 1972); Mountjoy v. Swenson, 306 F.Supp. 379 (W.D.Mo.1969). To the extent that the decision to hold an evidentiary hearing in the case at bar is discretionary, it is concluded that such a hearing need not and should not be held. Crosswhite v. Swenson, 444 F. 2d 648 (8th Cir. 1971); Wilwording v. Swenson, Civil Action No. 73CV55–W–3 (W.D.Mo. October 19, 1973), affirmed, 505 F.2d 735 (8th Cir. 1974); Johnson v. Wyrick, *supra*.

In ground A, petitioner contends that certain statements, considered by the jury, were made by him at or about the time of petitioner's arrest, and without petitioner's knowledge of his right to remain silent and to have the advice and assistance of counsel. In essence, petitioner asserts that his conviction was se-

cured in violation of his federal rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1965).

Petitioner's reliance on the *Miranda* decision is inappropriate. In Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), reh. denied, 385 U.S. 890, 87 S.Ct. 12, 17 L.Ed.2d 121 (1966), the Supreme Court of the United States held that the decisions in both *Miranda* and in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) were applicable only to those cases in which trials had commenced subsequent to the rendering of those decisions. The trial which resulted in petitioner's state conviction commenced in March of 1965. The *Miranda* decision was rendered on July 13, 1966. It is apparent that *Miranda* is inapplicable to the facts presented in the case at bar.

■ Although the decision in *Miranda* is inapplicable to the case at bar, it should be noted the Supreme Court stated in that opinion that, notwithstanding the warning of rights, "[à]ny statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." Miranda v. Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 726 (1966). The record presented to this Court reveals that there is ample evidence to support the conclusion that petitioner's statements were voluntary spontaneous remarks, which were neither coerced nor prompted by the inquiry of law enforcement officials. Klamert v. Cupp, 437 F.2d 1153, 1154 (9th Cir. 1970); Ervimg v. Sigler, 327 F.Supp. 778 (D. Neb.1971), affirmed, 453 F.2d 843 (8th Cir. 1972), cert. denied, 406 U.S. 976, 92 S.Ct. 2422, 32 L.Ed.2d 676 (1972); *see also*, Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972).

In ground D, petitioner contends that the closing remarks of the prosecuting attorney on petitioner's failure to testify or deny certain statements was prejudicial and amounted to a violation of petitioner's rights under the Fifth Amendment to the Constitution.

The pertinent portion of the record discloses the following:

"MR. DAVIDSON: First degree murder requires deliberation. Ladies and gentlemen of the jury, if that wasn't deliberation, after that shot was fired and until the time that he went down to Grace Black's house, I don't know what deliberation is. And malice can be inferred from the facts; he intentionally shot ·him, and he has voiced here on different occasions that he shot him. One: 'I shot him down like a dirty dog.' It wasn't controverted. The defendant didn't deny it; —*anything in this case* there was no evidence—

"MR. KELL: I object to that statement there. I object to that statement and ask that the jury be instructed to disregard it.

"THE COURT: The jury is instructed to disregard the statement: 'the defendant didn't deny it.'

"MR. KELL:—and I ask that the jury be discharged.

"THE COURT: That will be denied.

"MR. KELL:—and I ask that the attorney be reprimanded.

"THE COURT: That will be denied. Proceed, gentlemen."

This issue was presented on petitioner's direct appeal to the Missouri Supreme Court. That Court stated that "[t]he first question to be decided here is whether the statement complained of was, in fact, a reference to the failure of defendant to testify." Missouri v. Gregg, 399 S.W.2d 7, 10–11 (Mo.Sup. 1966). The Court answered the question in the negative, concluding that ". . . the point the prosecutor was attempting to make was that defendant intentionally shot deceased." Missouri v. Gregg, 399 S.W.2d 7, 11 (Mo.Sup. 1966).

In considering petitioner's claim, this Court must be guided by the principle that "[t]he trial court has broad discretion to control closing arguments, and

absent a clear showing of abuse, its discretion will not be overturned." United States v. Pruitt, 487 F.2d 1241, 1246 (8th Cir. 1973); Bryant v. United States, 462 F.2d 433, 436 (8th Cir. 1972); United States v. Turchick, 451 F.2d 333, 339 (8th Cir. 1971). The determinative question is ". . . whether the argument complained of was so offensive as to deprive the defendant of a fair trial." United States v. Matousek, 483 F.2d 286, 288 (8th Cir. 1973); Isaacs v. United States, 301 F.2d 706, 736 (8th Cir. 1962). Any alleged errors must ·be of such magnitude as to effect the "substantial rights" of a complainant. United States v. Phillips, 482 F.2d 191, 196 (8th Cir. 1973), cert. denied, 414 U.S. 1114, 94 S.Ct. 846, 38 L. Ed.2d 741 (1973); Homan v. United States, 279 F.2d 767, 775 (8th Cir. 1960), cert. denied, 364 U.S. 866, 81 S. Ct. 110, 5 L.Ed.2d 88 (1960). Furthermore, in reviewing any alleged prejudicial closing remarks made by a prosecutor, the effect of the alleged error ". . . must be gauged in the context of the entire trial, and not in isolation." United States v. Phillips, 482 F.2d 191, 196 (8th Cir. 1973), cert. denied, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973); *see also,* United States v. Cady, 495 F.2d 742, 749 (8th Cir. 1974); Brinlee v. United States, 496 F.2d 351, 355 (8th Cir. 1974); United States v. Chrisco, 493 F.2d 232, 238 (8th Cir. 1974).

In determining whether the statements on the record, read in context, amounted to an improper and prejudicial comment on petitioner's failure to testify, the appropriate standard is as follows:

"The facts and circumstances of each case must be carefully analyzed to determine 'whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.'" United States v. Biondo and Orlando, 483 F.2d 635, 644 (8th Cir. 1973), cert. denied, 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974); United States v. Mahanna,

461 F.2d 1110, 1114–1115 (8th Cir. 1972).

 A review of the prosecutor's closing remarks does not disclose that the same were "manifestly intended" to be a comment on the failure of the accused to.testify.[2] However, even if the statement is construed as having sufficient relationship with petitioner's failure to testify, the ". . . indirectness of the comment when combined with the specific [curative] instruction to the jury renders it harmless." United States v. Biondo and Orlando, 483 F.2d 635, 645 (8th Cir. 1973), cert. denied, 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974); Brinlee v. United States, 496 F.2d 351, 355 (8th Cir. 1974)·; see also, United States v. Mahanna, supra.

A careful review of all of the prosecutor's closing remarks, in conjunction with a review of the record as a whole, United States v. Cady, 495 F.2d 742, 749 (8th Cir. 1974), the fairness of the entire trial, United States v. Phillips, 482 F.2d 191, 196 (8th Cir. 1973), cert. denied, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973), and the substantial evidence against the petitioner, United States v. Chrisco, 493 F.2d 232, 238 (8th Cir. 1974), does not warrant a conclusion that the closing argument or any particular comment made therein by the prosecutor, was so prejudicial or offensive, or affected the substantial rights of the petitioner so as to clearly deprive the petitioner of a fair trial, or otherwise warrant the granting of habeas corpus relief herein. United States v. Biondo and Orlando, supra; United States v. Chrisco, supra; United States v. Cady, supra; United States v. Phillips, supra; Brinlee v. United States, supra; United States v. Matousek, supra; United States v. Lawson, 483 F.2d 535 (8th Cir. 1973); United States v. Archer, 450 F.2d 1106, 1108 (8th Cir. 1971), cert. denied, 405 U.S. 1044, 92 S.

Ct. 1329, 31 L.Ed.2d 586 (1972); United States v. Lewis, 423 F.2d 457 (8th Cir. 1970); United States v. Jarboe, 374 F.Supp. 310, 317 (W.D.Mo.1974); Johnson v. Wyrick, 381 F.Supp. 747, 763 (W.D.Mo.1974).

For all of the foregoing reasons, it is therefore

Ordered and adjudged that the petition herein for a writ of habeas corpus with respect to petitioner's contentions set forth as grounds B and C, be, and it is hereby, dismissed without prejudice. It is further

Ordered and adjudged that the petition herein for a writ of habeas corpus with respect to petitioner's remaining exhausted grounds and contentions be, and it is hereby, denied.[3]

---

2. The comment of the prosecuting attorney could reasonably by construed as an argument that, in his spontaneous voluntary statement, the petitioner did not deny the intentional shooting.

3. The final judgment entered in this case was affirmed by the United States Court of Appeals for the Eighth Circuit.