Ronald PHILLIPS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 75–1751.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1976.

Decided March 23, 1976.

Rehearing and Rehearing En Banc
Denied May 3, 1976.

Larry W. Glenn, St. Louis, Mo., he also filed appellant's brief. Ronald Phillips filed a pro se brief.

Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo. Donald J. Stohr, U. S. Atty., also appeared on brief.

Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and VAN PELT, Senior District Judge.*

PER CURIAM.

Ronald Phillips appeals an order denying a motion filed pursuant to 28 U.S.C. § 2255 to vacate his conviction and 15-year sentence for armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d).[1]

Appellant's § 2255 motion asserted the following grounds for relief:

1) Violation of his right to be present during jury selection;

2) Failure of appointed counsel to impeach a government witness with a pending criminal charge;

3) Knowing use of perjured testimony by the prosecutor; and

4) Ineffective assistance of counsel.

At the hearing in the district court on the § 2255 motion, appellant was represented by counsel other than trial counsel.[2] Testimony was received from appellant's trial counsel and the trial prosecutor. In addition, the district court announced that it would consider all of the statements made by appellant in his affidavits and pleadings

the same as though appellant had so testified. Accordingly, the court declined to issue a writ of *habeas corpus ad testificandum* to bring appellant into court to testify in support of his motion.

On the basis of this record, Judge Meredith entered findings of fact and conclusions of law rejecting all of appellant's claims. Appellant challenges all of the court's rulings and additionally asserts that the court erred in refusing to issue a writ to obtain his oral testimony. This opinion will discuss only appellant's claim that his right to be present during jury selection was violated and that the court erred in not obtaining his oral testimony on this issue. Appellant's other claims are without merit.

 A defendant is constitutionally entitled to be present at all phases of his trial, including jury selection. *United States v. Chrisco*, 493 F.2d 232 (8th Cir.), *cert. denied*, 419 U.S. 847, 95 S.Ct. 84, 42 L.Ed.2d 77 (1974). Violation of this right is cognizable in a § 2255 proceeding. *Williams v. United States*, 521 F.2d 590 (8th Cir. 1975).

 However, a defendant is not automatically entitled to be present at a § 2255 proceeding. *Sanders v. United States*, 373 U.S. 1, 20–21, 83 S.Ct. 1068, 1079–1080, 10 L.Ed.2d 148, 164–165 (1963). Section 2255 specifically authorizes the court to rule on the motion "without requiring the production of the prisoner at the hearing." In *Sanders*, the Supreme Court stated that the district court may appoint counsel for the petitioner and hold a hearing before determining whether the petitioner's presence at a hearing is necessary. *Id.* at 21, 83 S.Ct. at 1080, 10 L.Ed.2d at 164.

---

\* ROBERT VAN PELT, Senior District Judge, District of Nebraska, sitting by designation.

1. The conviction has been affirmed by this court on direct appeal. *United States v. Phillips*, 482 F.2d 191 (8th Cir.), *cert. denied*, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973).

2. Appellant was represented at the hearing by appointed counsel other than trial counsel. Newly appointed counsel objected that he lacked time to prepare for the hearing since he

was appointed only the day before. We find this extremely short preparation time disturbing. However, the hearing transcript indicates that counsel was familiar with the pleadings, understood the issues, and effectively cross-examined the Government's witnesses. Additionally, we note that the district court informed counsel that the court would entertain a request for time to present additional testimony if counsel felt this to be necessary at the conclusion of the hearing.

As previously noted, the district court announced that it would accept all statements made by appellant in his affidavits and pleadings as if they had been testified to in court. Appellant's affidavit submitted in support of his motion included the following statement:

> I vehemently objected to my attorney after exclusion during voir dire, following my return to the courtroom. The attorney refused to make any objection to the Court, even after I explained the possibility the Bintz woman [a juror] knew [and disliked] me.

The substance of this statement is repeated in appellant's other pleadings.

Appellant's appointed trial counsel testified at the § 2255 hearing. He stated that he was certain appellant was present during most of the jury selection process and that he consulted with appellant concerning prospective jurors. The attorney conceded that during a period of about ten minutes when the jury strikes were actually made, he was consulting with counsel for a codefendant and that he might not have noticed if appellant had been absent for a short time.

However, trial counsel was emphatic on two points. First, he was sure that appellant did not inform him that he had been absent during this time. Second, he was certain that the appellant did not inform him that one juror, Carol Bintz, was possibly a hostile former coworker. Thus, his testimony flatly and unequivocally contradicted appellant's.

■ Normally, when a case turns on an issue of credibility the trier of fact should have the benefit of oral testimony. However, that rule is not inviolate. In order to believe appellant, the district court would have to conclude that an otherwise competent attorney refused his client's vehement instructions to protest the seating of a hostile former coworker on the jury and then denied so doing under oath. We believe

that after observing counsel's conduct at trial, listening to his testimony, and observing his demeanor during direct and cross-examination, the district court was entitled to determine that appellant Phillips' testimony given personally in court, however appealing, would not affect the outcome,[3] and that appellant's claim of being absent from the courtroom during selection of the jury should not be sustained.

We are bolstered in our conclusion by an event that occurred later in the trial. On the second day of trial it became obvious that the prosecutor had failed to fully comply with a pretrial disclosure order. The district court offered to declare a mistrial if appellant or his codefendant so desired. The codefendant accepted a mistrial and was later retried. Appellant consulted with his attorney and was informed on the record that if he wished, he could have an entirely new trial. He declined and expressly stated that he desired to continue the trial.

The Government contends that by refusing a mistrial appellant waived his claim that he was absent during jury selection. We do not decide that issue. However, it does seem likely that if appellant were actually gravely concerned about the hostility of a member of the jury, as he now claims, he would have seized this opportunity to obtain a new trial.

Accordingly, this record justifies an affirmance. It is so ordered.

---

**3.** In *Sanders*, the Supreme Court stated that district courts have "discretion to exercise their common sense" in deciding whether to require

the presence of the petitioner. 373 U.S. at 21, 83 S.Ct. at 1080, 10 L.Ed.2d at 165.