UNITED STATES of America, Appellee,

v.

Johnny Earl AUSTIN, Appellant.

No. 76–1932.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 24, 1977.

Decided Feb. 3, 1977.

Faber D. Jenkins, Jr., Little Rock, Ark., on brief for appellant.

W. H. Dillahunty, U. S. Atty., and Don N. Curdie, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

**PER CURIAM.**

Johnny Earl Austin appeals from his conviction for knowingly making false statements in connection with a postal service examination, in violation of 18 U.S.C. § 1001. The charge arose out of Austin's attempt to take the exam on behalf of another. He was sentenced to two years' imprisonment and fined $500.00. Execution of the prison sentence was suspended and Austin was placed on probation for two years.

The sole contention asserted on appeal is that Austin was denied a fair trial by the following portion of the prosecutor's closing argument:

> * * * He calls Mrs. Webb a liar saying that he pointed to Leeaster Sullivan's name. He calls Mrs. Sharp a liar when he says that he didn't tell her his name was Sullivan. And he calls Mr. Field a liar because he said he didn't go up and say, "You're a dead honky." And he lies to you under oath which, if you will read the statement which was introduced, where it says, "Personally appeared . . . who first being duly sworn, . . ."

> And he is calling all these witnesses liars and would like for you to—

Austin contends that that argument was improper in that he never testified that the witnesses referred to above were lying. Defense counsel objected to the statement at the time it was made, and the court admonished the jury as follows:

> Ladies and gentlemen of the jury, the argument of counsel is not evidence. They are permitted to draw such inferences as they believe the evidence reflects. But, certainly, you are the judges of the fact and you are the ones to remember what the true testimony was.

Austin contends, however, that the court should have reprimanded the prosecutor and admonished the jury to entirely disregard the argument. The government argues that the statement was a permissible comment on the inferences to be drawn from the evidence.

We need not decide the extent to which the prosecutor's remark was supported by the evidence, for we find that in any case, Austin was not denied a fair trial. The record discloses overwhelming evidence of Austin's guilt, and the trial court properly admonished the jury as to the weight to be accorded the prosecutor's argument. Accordingly, the challenged comment affords no basis for reversal. *See United States v. Lewis*, 547 F.2d 1030 (8th Cir., 1976); *United States v. Matousek*, 483 F.2d 286, 288 (8th Cir. 1973); *Isaacs v. United States*, 301 F.2d 706, 737 (8th Cir.), *cert. denied*, 371 U.S. 818, 83 S.Ct. 32, 9 L.Ed.2d 58 (1962).

The judgment of conviction is affirmed.