UNITED STATES of America, Appellee,

v.

Timothy Paul SCANLON, Appellant.

No. 80–1396.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1980.

Decided Feb. 5, 1981.

Rehearing and Rehearing En Banc
Denied Feb. 26, 1981.

Certiorari Denied April 27, 1981.
See 101 S.Ct. 2025.

Douglas W. Thomson, St. Paul, Minn., for appellant.

Joseph T. Walbran, Asst. U. S. Atty., Dist. of Minnesota, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, BENNETT,* United States Court of Claims Judge, and HENLEY, Circuit Judge.

BENNETT, Judge.

Timothy Paul Scanlon appeals through counsel from his criminal conviction on February 28, 1980, by a jury in the United States District Court for the District of Minnesota, the Honorable Donald D. Alsop presiding. Appellant was found guilty on two counts: importation and aiding and abetting the importation of cocaine in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) (1976), and conspiracy to import and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, 952(a), 960(a)(1), and 963 (1976). Appellant was sentenced to imprisonment for eight years plus a special parole term of four years on each of the two counts in the indictment, the sentences to be served concurrently. Appellant now makes three arguments: (1) the evidence at trial unlawfully varied from the acts charged in the indictment; (2) the conduct of the prosecutor was so improper and prejudicial as to deprive appellant of a fair trial; (3) the evidence was insufficient to support a conviction. We affirm.

Before considering the merits of the appeal, the court wishes emphatically to express its disapproval of the Government's violation of the court's rules on the length of briefs. Rule 12(e) provides that main briefs shall not, unless good cause is shown, exceed 50 pages in length. Good cause has not been shown, yet appellee's brief exceeds the page limitation. The excess is largely caused by a rambling, incoherent statement of the facts, 34 pages long. Appellee is familiar with the rules of this court and has no excuse for such blatant disregard of them.

■ On the merits, appellant first argues that the indictment only charged one conspiracy while the proof showed three or possibly four conspiracies. Appellant argues that this was an impermissible variance requiring reversal of the conviction because appellant was not fairly apprised of the charges against him, citing *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). The conspiracy specified in the indictment was that from December 1977 to April 1978 Scanlon conspired with Holly Thorvig and others to import into the United States and distribute a narcotic, cocaine, a controlled substance. It was further charged that as a part of the conspiracy, Scanlon would procure cocaine in Columbia, South America, and that Thorvig would arrange to have a courier named James Johansson bring the cocaine back to the United States. As one of the overt acts in furtherance of the conspiracy, the indictment specified that on or about January 15, 1979, in Cali, Columbia, South America, Scanlon gave Johansson a suitcase containing about three pounds of cocaine. It was further charged that Jo-

---

* Marion T. Bennett, Judge, United States Court of Claims, sitting by designation.

hansson returned to the United States with the suitcase and cocaine.

Appellant claims that the evidence at trial also showed a second conspiracy wherein Johansson and others stole the suitcase and contents from Scanlon and Thorvig and sold it to drug pushers on the East Coast. However, the evidence dealing with the theft of the suitcase was not to show a second conspiracy as such. Rather it was to deal with Scanlon's contention that the suitcase never contained cocaine. The suitcase had to be traced in order to show by circumstantial evidence that it did contain cocaine. Examples of such circumstantial evidence probative of guilt were Scanlon's coercive efforts to recover the suitcase and the payment of $16,000 by cocaine dealers for the stolen suitcase. Hence, this does not constitute a prejudicial variance. *Cf. United States v. Tilton*, 610 F.2d 302 (5th Cir. 1980) (no variance where indictment charged single conspiracy and evidence showed defendant accepted kickbacks from two different repair shops he had given work to).

Appellant also alleges that the evidence showed a third conspiracy between certain individuals, possibly including Scanlon, to import more cocaine after the Johansson trip, and a possible fourth conspiracy between appellant and one Hoyt, the latter conspiracy occurring after the dates listed in the indictment. The Government insists that these other activities were primarily relevant for Scanlon's statements in connection with them which contained admissions regarding the original importation with Johansson. The Government claims such admissions bear on Scanlon's intent in the original importation and go to refute his claim that the suitcase contained no cocaine. However, we are of the view that appellant's contentions are far too vague and general to raise an issue on appeal. Hence, this argument must fail.

■ Appellant raises as a second error what he alleges to be misconduct by the prosecutor at trial. We have carefully scrutinized the several examples appellant presents but to detail them would unduly lengthen this opinion. Briefly, appellant claims that the prosecutor knowingly and intentionally presented prejudicial and inadmissible evidence, made sarcastic remarks, interrupted defense counsel, and made improper statements during closing argument. We hold that appellant has not made a sufficient showing to reverse his conviction. Prosecutorial misconduct may be grounds for such a reversal, *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), but such alleged conduct must be considered upon the facts of each case and counsel may argue to the jury all possible inferences which reasonably flow from the evidence. *Isaacs v. United States*, 301 F.2d 706 (8th Cir.), *cert. denied*, 371 U.S. 818, 83 S.Ct. 32, 9 L.Ed.2d 58 (1962). Here we note that the examples of alleged misconduct appellant offers are not truly serious. We note, also, that the trial judge properly cautioned the jury as to inadmissible evidence or improper remarks and reprimanded the prosecutor where necessary. A further consideration is that the evidence against appellant was very strong. *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); *Isaacs v. United States, supra.* Although we certainly do not condone any impropriety on the part of prosecutors, under the circumstances here, we hold that the trial court did not abuse its discretion in failing to declare a mistrial on this basis. *See United States v. Bohr*, 581 F.2d 1294, 1301 (8th Cir.), *cert. denied*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978); *United States v. Austin*, 548 F.2d 759, 760 (8th Cir. 1977).

■ As a final error, appellant claims that there was insufficient evidence to support his conviction. This argument largely tracks his first argument. That is, he argues that the evidence which supposedly varied from the indictment should have been excluded and without it there was insufficient evidence to support the conviction. In particular, appellant claims that there was no competent evidence to show that the suitcase appellant gave to Johansson contained cocaine. This argument must be rejected largely for the reasons given above for rejecting appellant's arguments

about the inadmissability of evidence supposedly baring from the indictment. However, appellant also claims that certain hearsay statements of alleged co-conspirators were improperly admitted against him. The problem with this argument is that appellant fails to specify the hearsay statements he objects to, why in each instance they should not have been admitted, and how in each instance he has been harmed thereby. The court therefore has no way of evaluating this argument and cannot act upon it other than to reject it. We note, however, that the trial judge admitted certain testimony provisionally and subject to receipt later of independent evidence to establish its credibility and relevance to the alleged conspiracy. The trial judge denied defense counsel's motion to strike and found the independent evidence to be sufficient. The record shows his discretion was exercised reasonably and that the evidence was competent. *Cf. United States v. Tilton, supra* (preponderance of the independent evidence showed there was a conspiracy and the defendant was a member of it); *United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978) (independent evidence showed there was a conspiracy, the defendant was a member, and co-conspirators' statements were in the course of and in furtherance of the conspiracy). It is our view that appellant, represented by able counsel, had a fair trial, that he was convicted on overwhelming evidence, and that the record is free of prejudicial error.

Accordingly, on consideration of the briefs, the designated record on appeal and oral argument, the judgment of the district court and appellant's conviction are affirmed.